**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIV. NO: |
| v. | ) ) | **COMPLAINT** |
| PLAINS PIPELINE, L.P., PLAINS ALL AMERICAN GP, LLC, PLAINS MARKETING, L.P., and COPPERHEAD PIPELINE AND CONSTRUCTION, INC., | ) ) ) ) ) ) ) ) | |
| | ) ) | **JURY TRIAL DEMAND** |
| Defendants. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 against the Defendants Plains Pipeline, L.P., Plains All American GP, LLC,

Plains Marketing, L.P., and Copperhead Pipeline and Construction, Inc., (collectively referred to

as "Defendants"), to correct alleged unlawful employment practices on the basis of race, national

origin, sex, and/or retaliation, and to provide appropriate relief to Jason Copley, Da'Vonta

Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other

aggrieved individuals. As alleged with greater particularity below, the Commission alleges that

Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton,

Joshua Garcia and other aggrieved individuals were subjected to unwelcome severe or pervasive

harassment by a Lead Foreman/Supervisor of Plains All American GP, LLC, Plains Pipeline, L.P., and Plains Marketing, L.P. at Defendants' worksites in New Mexico, including but not limited to, unwelcome verbal harassment and physical touching that created a hostile work environment based on their race/national origin and/or their sex, male. The Commission also alleges that Defendants retaliated against Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals in the terms, conditions, or privileges of their employment, including through threats of termination. Defendants also retaliated against Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other similarly situated aggrieved individuals  by terminating them for their protected activity and/or their association with those who engaged in protected activity, and/or by interfering with their efforts to obtain subsequent employment because of their protected activity.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ( "Commission"), is the agency of the United States of America charged with the administration, interpretation and

enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Plains Pipeline, L.P. has continuously been a foreign limited partnership, Defendant Plains All American GP, LLC has continuously been a foreign limited liability company, and Plains Marketing, L.P. has continuously been a foreign limited partnership  (collectively "Plains") doing business in the State of New Mexico and several cities in New Mexico, including but not limited to Hobbs and Carlsbad, New Mexico.  At all relevant times, Plains has continuously had at least 15 employees.

5.      At all relevant times, Defendant Copperhead Pipeline and Construction, Inc., ("Copperhead") has continuously been an Oklahoma corporation doing business in the State of New Mexico and several cities in New Mexico, including but not limited to Hobbs and Carlsbad, New Mexico. At all relevant times, Copperhead has continuously had at least 15 employees.

6.      At all relevant times, Plains and Copperhead have continuously been and are now employers engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

7.      At all relevant times, Plains operated with Copperhead as a joint employer with regard to Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals.

8.      At all relevant times, Plains and Copperhead both controlled the terms and conditions of employment for Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals. The terms and

conditions of employment that Defendants jointly exercised control over included without limitation:

        a. Control and supervision of work;

        b. Job assignments;

        c. Discipline and discharge;

        d. Provision of equipment and parts needed to perform work;

        e. Work hours and leave requests; and

        f. The sites where work was performed.

9.     All the acts and failures to act alleged herein were duly performed by and are attributable to both Defendants unless otherwise specified herein. Each entity participated in, approved, and/or ratified the unlawful acts and omissions of the other. Whenever and wherever a reference is made in this Complaint to any act of Defendants, such allegations and references mean the acts and failures to act of each entity acting jointly and/or severally.

## ADMINISTRATIVE PROCEDURES

10.    More than thirty days prior to the institution of this lawsuit, Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, and Joshua Garcia each filed a charge of discrimination against Plains and a charge of discrimination against Copperhead with the Commission alleging Plains and Copperhead violated Title VII.

11.    On June 14, 2019 and/or July 30, 2019, the Commission issued Plains and Copperhead each a letter of determination for each charge of discrimination.

12.    In the letters of determination, the Commission found reasonable cause to believe that each Defendant had violated Title VII.

13.     In each letter of determination sent to Plains, the Commission invited Plains to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

14.     In each letter of determination to Copperhead, the Commission invited Copperhead to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

15.     On August 12 and/or 14, 2019, the Commission issued a Notice of Failure of Conciliation to Plains and a Notice of Failure of Conciliation to Copperhead. In each, the Commission advised the recipient of the Notice that the Commission was unable to secure from them a conciliation agreement acceptable to the Commission.

16.     All conditions precedent to the institution of this lawsuit have been fulfilled.

### FIRST CLAIM FOR RELIEF

**[Discrimination Based on Race and/or National Origin - 42 U.S.C. § 2000e-2(a)]**

17.     Since at least March 2013, Plains has engaged in unlawful employment practices in New Mexico in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) because of race and/or national origin, including African-American, biracial, Hispanic, Mexican, Native American, and white.

18.     Since at least March 2016, Copperhead has engaged in unlawful employment practices in New Mexico in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) because of race and/or national origin, including African-American, biracial, Hispanic, Mexican, Native American, and white.

19.     Since at least March 2016, Plains and Copperhead subjected Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, and Joshua Garcia to a hostile work environment based on their race and/or national origin. For example, Defendants' Lead Foreman/Supervisor Mario Sanchez subjected them to harassment, including but not limited to:

    a.  Frequent derogatory and unwelcome name calling and/or comments to or about African-American and/or biracial employees, including but not limited to almost daily references use of words like "nigger," "punk ass nigger, "worthless piece of shit," "half breed Nigger," "stupid nigger" and "bitch ass nigger;"

    b.   Frequent derogatory and unwelcome name calling and/or comments to or about Hispanic or Mexican employees, including but not limited to "wetback," "spick," "stupid Mexican;"

    c.  Frequent derogatory and unwelcome name calling and/or comments to or about Native-American employees, including but not limited to references or comments such as, "stupid Indian," "piece of shit redskin," and "wagon burner;"

    d.  Frequent derogatory and unwelcome name calling and/or comments to or about white employees, including but not limited to "white boy," "cracker" or "not Mexican;" and

    e.   Verbal threats to discharge Da'Vonta Copley based on his race;

    f.   Verbal threats to discharge Albertico Gutierrez Rubio, Adrian Quezada, and other similarly situated Hispanic or Mexican employees; and

g.  Frequent physical abuse, including but not limited to pinching, pushing, shoving, kneeing, and kicking and/or threats of physical abuse directed at Hispanic or Mexican, Native American, African-American, and/or biracial employees.

20.     Since at least March 2016, Plains and Copperhead subjected other aggrieved individuals to a hostile work environment based on their race and/or national origin similar to that inflicted upon Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, and Joshua Garcia.

21.     Since at least March 2013, Plains had a practice of allowing Lead Foreman/Supervisor Sanchez to verbally and physically harass employees based on their race or national origin.

22.     Since at least March 2016, Lead Foreman/Supervisor Sanchez had either the authority or the apparent authority to take tangible employment actions against Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals.

23.     Since at least March 2016, Plains has been vicariously liable for the harassment of the employees described above by Lead Foreman/Supervisor Sanchez and has failed to exercise reasonable care to prevent and correct promptly any harassing behavior based on race and/or national origin in the workplace.

24.     Since at least March 2013, Plains knew of or in the exercise of reasonable care should have known of the harassment of the employees by Lead Foreman/Supervisor Sanchez as described above.

25.     Plains received multiple complaints about the harassment of the employees described above by Lead Foreman/Supervisor Sanchez.

26.     Plains failed to take timely preventative or remedial action to correct the harassment and prevent future harassment.

27.     Since at least March 2016, Copperhead subjected Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, and Joshua Garcia to a hostile work environment based on their race and/or national origin.

28.     Since at least March 2016, Copperhead knew of or in the exercise of reasonable care should have known of the harassment of the employees described above.

29.     Copperhead received multiple complaints about the harassment of the employees described above.

30.     Copperhead failed to take timely preventative or remedial actions to correct the harassment and prevent future harassment.

31.     The effect of the practices complained of above has been to deprive Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their race and/or national origin.

32.     The unlawful employment practices complained of above were intentional.

33.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals.

## SECOND CLAIM FOR RELIEF

### [Discrimination Based on Sex - 42 U.S.C. § 2000e-2(a)]

34.    Since at least March 2013, Plains has engaged in unlawful employment practices in New Mexico in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) because of sex, male.

35.    Since at least March 2016, Copperhead has engaged in unlawful employment practices in Albuquerque, New Mexico in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) because of sex, male.

36.    Since at least March 2016, Plains and Copperhead subjected Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals to a hostile work environment based on their sex, male, including but not limited to:

  a.   Frequent sexual remarks and sexual innuendo, including but not limited to, requests to touch, suck, or hold the supervisor's penis and requests to hold the supervisor's penis while he used the bathroom;

  b.   Frequent physical abuse, including but not limited to pinching, hitting, pushing, shoving, jabbing body parts, kicking or kneeing male employees;

  c.    Threats of physical abuse;

  d.   Frequent grabbing of buttocks and other intimate body parts;

  e.   Frequent references to male employees as "little bitch," "queer," "gay," or "faggot;" and

  f.   Forcibly pushing the front of the supervisor's body up against Shawn Cotton's backside;

37.     Since at least March 2013, Plains had a practice of allowing Lead Foreman/Supervisor Sanchez to verbally and physically harass employees based on their sex, male.

38.     Since at least March 2016, Lead Foreman/Supervisor Sanchez had either the authority or the apparent authority to take tangible employment actions against Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals.

39.     Since at least March 2016, Plains has been vicariously liable for the harassment of employees described above by Lead Foreman/Supervisor Sanchez and has failed to exercise reasonable care to prevent and correct promptly any sexually harassing behavior in the workplace.

40.     As early as at least March 2013, Plains knew of or in the exercise of reasonable care should have known of the harassment based on sex described above.

41.     Plains received multiple complaints about the harassment based on sex described above.

42.     Plains failed to take timely preventative or remedial action to correct the harassment and prevent future harassment.

43.     Since at least March 2016, Copperhead knew of or in the exercise of reasonable care should have known of the harassment based on sex described above.

44.     Plains received multiple complaints about the harassment based on sex described above.

45.     Copperhead failed to take timely preventative or remedial actions to correct the harassment and prevent future harassment.

46.     The effect of the practices complained of above has been to deprive Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

47.     The unlawful employment practices complained of above were intentional.

48.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals.

### THIRD CLAIM FOR RELIEF

**[Retaliation, Terms and Conditions-42 U.S.C. § 2000e-3(a)]**

49.     Since at least March 2016, Plains engaged in unlawful retaliatory employment practices in New Mexico in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

50.     Since at least March 2016, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joshua Garcia and other aggrieved individuals refused to comply with Lead Foreman/Supervisor Sanchez's sexual advances and/or complained about the hostile work environment based on race, national origin, and/or sex to Plains' supervisors and managers.

51.     Because of their opposition to unlawful employment practices, Plains subjected Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joshua Garcia and other aggrieved individuals including, but not limited to, threats of, among other things, termination for complaining or otherwise opposing the unlawful harassment.

52.     The effect of the practices complained of above has been to deprive Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joshua Garcia, and other aggrieved

individuals of equal employment opportunities and otherwise adversely affect their status as employees because they opposed unlawful employment practices.

53.     The unlawful retaliatory employment practices complained of above were intentional.

54.     The unlawful retaliatory employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joshua Garcia, and other aggrieved individuals who were employees of Defendants.

## **FOURTH CLAIM FOR RELIEF**

### **[Retaliatory Discharge-42 U.S.C. § 2000e-3(a)]**

55.     Since at least March 2016, Plains engaged in unlawful retaliatory employment practices in New Mexico in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

56.     Since at least March 2016, Copperhead engaged in unlawful retaliatory employment practices in New Mexico in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

57.     Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joseph Garcia, and other aggrieved individuals opposed the unlawful harassment described above in a variety of ways,  including but not limited to:

   a. Resisting sexual advances;

   b. Protesting to the Lead Foreman/Supervisor about the hostile work environment based on race, national origin, and/or sex;

c. Complaining to Defendants' supervisors and managers about the harassment based on race, national origin, and/or sex by the Lead Foreman/Supervisor;

d. Opposing the harassment by requesting not to work with the Foreman/Supervisor because of the harassment described above; and

e. Indicating to Defendants that they intended to seek legal advice about the harassment described above.

58.     Defendants discharged Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, and Adrian Quezada within a few days of complaining to Defendants about the unlawful harassment described above and on the same day they told Plains they intended to seek legal advice about the unlawful harassment described above.

59.     On or about early May 2017, Defendants discharged other aggrieved individuals in retaliation for their opposition to the unlawful harassment described above and/or because of their association with Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, and Adrian Quezada.

60.     Defendants discharged aggrieved individuals supervised by Jason Copley within a few days of the aggrieved individual's stating that they did not want to work with the Foreman/Supervisor because of the harassment described above and on the same day that Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, and Adrian Quezada.

61.     On or around June 2017, Defendants discharged Joshua Garcia because of his opposition to the unlawful harassment described above and/or because of his association with Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, and Adrian Quezada and their opposition to the unlawful harassment described above.

62.     On or about June 2017, Defendants discharged aggrieved individuals that were on a crew with Joshua Garcia because of their association with Joshua Garcia and Joshua Garcia's opposition to the unlawful harassment described above.

63.     The effect of the practices complained of above has been to deprive Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joshua Garcia, and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because they opposed unlawful employment practices or were associated with others who opposed unlawful employment practices.

64.     The unlawful employment practices complained of above were intentional.

65.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joshua Garcia and other aggrieved individuals.

**<u>FIFTH CLAIM FOR RELIEF</u>**

**[Retaliation, Interference with Employment Opportunities -42 U.S.C. § 2000e-3(a)]**

66.     Since at least May 2017, Defendant Employer Plains has engaged in unlawful retaliatory employment practices in New Mexico in violation of Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-3(a).

67.     Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joshua Garcia, and other aggrieved individuals engaged in the protected activity described above and/or by filing charges of discrimination regarding Plains' unlawful harassment.

68.     Since at least May 2017, Plains contacted prospective employers and directed them not to hire Jason Copley, Joshua Garcia, and, upon information and belief, other members of Jason Copley's and Joshua Garcia's crews as well as other aggrieved individuals who either engaged in protected activity or were associated with those who engaged in protected activity.

69.     Plains threatened these prospective employers by telling them Plain would cease doing business with them if they hired Jason Copley, Joshua Garcia, and, upon information and belief, other members of Jason Copley's and Joshua Garcia's crews and other aggrieved individuals.

70.     In at least one instance, Plains told a prospective employer not to hire one of these individuals because of the charge of discrimination he had filed.

71.     The effect of the practices complained of above has been to deprive Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joshua Garcia, and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because they opposed unlawful employment practices under Title VII and/or participated in a proceeding with the EEOC.

72.     The unlawful retaliatory employment practices complained of above were intentional.

73.     The unlawful retaliatory employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joshua Garcia and other aggrieved individuals who were employees of Defendants.

## SIXTH CLAIM FOR RELIEF

**[Discriminatory Third Party Interference with Employment Opportunities Based on Race, National Origin, and/or Sex - 42 U.S.C. § 2000e-2(a)]**

74.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

75.     In the alternative, Plains has engaged in unlawful employment practices in New Mexico in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-3(a) since at least March 2016 by discriminatorily interfering with the employment opportunities of Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals.

76.     Since at least March 2016, Plains had the ability to thwart the creation or continuance of a direct employment relationship between Copperhead and Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals because Plain controlled the terms and conditions of employment in conjunction with Copperhead, as set forth above.

77.     Since at least March 2016, Plains interfered with the employment opportunities of Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals at Copperhead by subjecting them to a hostile work environment based on race, national origin, and/or sex.

78.     The effect of the practices complained of above has been to deprive Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their race, national origin, and/or sex.

79.     The unlawful employment practices complained of above were intentional.

80.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals.

## SEVENTH CLAIM FOR RELIEF

### [Retaliatory Third Party Interference with Employment Opportunities -   42 U.S.C. § 2000e-3(a)]

81.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

82.     In the alternative, Plains has engaged in unlawful employment practices in New Mexico in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) since at least March 2013 by retaliatorily interfering with the employment opportunities of Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals.

83.     Since at least March 2016, Plains had the ability to thwart the creation or continuance of a direct employment relationship between Copperhead and Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals because Plain controlled the terms and conditions of employment in conjunction with Copperhead, as set forth above.

84.     Since at least March 2016, Plains interfered with the employment opportunities of Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals at Copperhead by threatening them with termination, discharging them, and/or telling third party employers not to hire them because they

opposed unlawful employment practices, participated in a proceeding with the EEOC, and/or were associated with individuals who opposed unlawful employment practices.

85.     The effect of the practices complained of above has been to deprive Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because they opposed unlawful employment practices, participated in a proceeding with the EEOC, and/or were associated with individuals who opposed unlawful employment practices.

86.     The unlawful employment practices complained of above were intentional.

87.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, and other aggrieved individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them from engaging in any practice that permits the harassment of employees because of race, national origin, and/or sex, and any other employment practice which discriminates on the basis of race, national origin, and/or sex.

B.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them from

engaging in any practice that permits retaliation against employees because they opposed unlawful employment practices, made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under Title VII or because they associated with individuals who opposed unlawful employment practices under Title VII.

       C.     Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for African-Americans, Native-Americans, Hispanics and Mexicans, as well as men and individuals who oppose unlawful employment practices, associate with individuals who opposed unlawful employment practices, and individuals who participate in proceedings with the EEOC.

       D.     Order Defendants to institute and carry out policies, practices, and programs that eradicate the effects of their past and present unlawful employment practices, including race discrimination, national origin discrimination, sex discrimination, and retaliation.

       E.     Order Defendants to make whole Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joshua Garcia, and other aggrieved individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement and/or frontpay.

       F.     Order Defendants to make whole Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joshua Garcia, and other aggrieved individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, including job search expenses or medical expenses in amounts to be determined at trial.

G.      Order Defendants to make whole Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joshua Garcia, and other aggrieved individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses in amounts to be determined at trial.

H.      Order Defendants to pay Jason Copley, Da'Vonta Copley, Albertico Gutierrez, Shawn Cotton, Adrian Quezada, Joshua Garcia, and other aggrieved individuals punitive damages for their malicious and/or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

I.      Grant such further relief as the Court deems necessary and proper in the public interest.

J.      Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 30th day of September 2019.

Respectfully submitted,

***Electronically Filed***

*/s/ LORETTA MEDINA*
Supervisory Trial Attorney

*/s/  Jeff A. Lee*
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102
(505) 248-5230
(505) 248-5210
Loretta.Medina@eeoc.gov
Jeff.Lee@eeoc.gov
Attorneys for Plaintiff