**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, MIDLAND-ODESSA**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> JASON COPLEY, DA'VONTA COPLEY, ALBERTICO GUTIERREZ RUBIO, ADRIAN QUEZADA, SHAWN COTTON and JOSHUA GARCIA, <br><br> Intervenor Plaintiffs, <br><br> v. <br><br> PLAINS PIPELINE, L.P.; PLAINS ALL AMERICAN GP LLC, PLAINS MARKETING, L.P., and COPPERHEAD PIPELINE CONSTRUCTION, INC., <br><br> Defendants | Civil Action No. 7:20-cv-00082-DC |

**PROPOSED CONSENT DECREE**

## I. RECITALS

**1.**     This matter was instituted by Plaintiff Equal Employment Opportunity Commission ("Commission" or "EEOC") alleging that Defendants Plains Pipeline, L.P., Plains All American GP LLC, Plains Marketing, L.P. (collectively "Plains") and Copperhead Pipeline and Construction Inc., ("Copperhead") subjected male employees Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia and other aggrieved individuals to severe or pervasive harassment on the basis of race, national origin, sex, and/or retaliation which created a hostile work environment.

The Commission also alleged that Defendants retaliated against Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia and other aggrieved individuals in the terms, conditions, or privileges of their employment, including threats of termination. Further, the Commission alleged that Defendants retaliated against Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia and other aggrieved individuals by terminating them for engaging in protected activity, by terminating them because of their association with those who engaged in protected activity, and/or by interfering with their efforts to obtain subsequent employment because of their protected activity.

**2.**     Defendants have denied these allegations.  Defendants agree to enter into this Consent Decree ("Decree") for the sole purpose of compromising a disputed claim and to avoid the risks and expenses of continued litigation.  The Decree does not constitute a finding of liability on the part of Defendants for any allegations in this matter.  The entry of this Decree shall not be used as evidence that Defendants violated the provisions of Title VII of the Civil Rights Act of 1964, or any comparable law.

**3.**     The Parties to this Decree are Plaintiff EEOC; Defendants Plains and Copperhead; and Plaintiff-Intervenors Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, and Joshua Garcia.

**4.**     The Parties, desiring to settle this action, agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter this Decree enforceable against all Parties.

**5.**     As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

**6.**     For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**II.  TERM AND SCOPE**

**7.**     **Term:**  The duration of this Decree will be three (3) years from the date it is entered by the Court.

**8.**     **Scope:** The terms of this Decree will apply to the following:

    **8.1.**     For Defendant Plains, all personnel in the Seminole, Texas Field Office and certain positions supporting and/or supervising personnel at the Seminole, Texas Field Office that are located in the Midland, Texas Office.  The positions subject to the decree are identified in Exhibit E.

    **8.2.**     For Defendant Copperhead, any oil and gas or pipeline repair businesses that it owns or operates in Texas, Oklahoma, or New Mexico.

**9.**     **Defendant Copperhead:** As to Defendant Copperhead, the following provisions apply:

    **9.1.**     Defendant Copperhead hereby certifies to the Court and to the EEOC that it does not currently own and operate any oil and gas or pipeline repair businesses in Texas, Oklahoma, and New Mexico.

**9.2.**    Defendant Copperhead hereby certifies to the Court and to the EEOC that it filed for dissolution on October 11, 2021 and the State of Oklahoma has issued Copperhead a Certificate of Dissolution.

**9.3.**    Defendant Copperhead shall provide the EEOC with annual written certifications through the duration of the Decree that it has not assumed ownership or operations of any business in Texas, Oklahoma, or New Mexico involving oil and gas or pipeline repair. The first such certification shall be due 12 (twelve) months after entry of the Decree.

**9.4.**    If Defendant Copperhead assumes ownership or operation of a business involving oil and gas or pipeline repair in Texas, Oklahoma, or New Mexico during the duration of this Decree, it shall notify EEOC no later than 30 days in advance and shall be bound by the provisions of this Decree contained in Paragraphs 18-19, Section VI (Paragraphs 21-29), Section VII (Paragraphs 30-33), and Section VIII (Paragraphs 34-36) below, without further act or deed by any person and without further notice to or order from the Court. Otherwise, Copperhead will not be bound by any of the provisions of this Decree contained in Paragraphs 18-19, Section VI (Paragraphs 21-29), Section VII (Paragraphs 30-33), and Section VIII (Paragraphs 34-36) below.

**9.4.1.**  If, pursuant to Paragraph 9.4, Paragraphs 18-19, as well as Sections VI through VIII become binding on Defendant Copperhead, then any provision in those Paragraphs with a deadline set for a specified number of days "after entry of this decree" shall instead have a deadline set for the

same number of days "after the notice provided to the EEOC under Paragraph 9.4."

### III.  ISSUES RESOLVED

**10.**     This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended (Title VII), that arise from Charge of Discrimination Numbers 543-2017-00755, 543-2018-00384, 543-2017-00754, 543-2018-00382, 543-2017-00757, 543-2018-00385, 543-2017-00758, 543-2018-00390, 543-2017-00761, 543-2018-00387, 543-2017-00763 and 543-2018-00391 filed by Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, and Joshua Garcia and all other aggrieved individuals identified in **Exhibit A** attached hereto.

**11.**     Defendants and their officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered but will cooperate in the implementation of this Decree.

### IV. MONETARY RELIEF

**12.**     Defendants will not condition the receipt of individual relief upon Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, and Joshua Garcia or any other aggrieved individual's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency; or (c)

promise not to apply or reapply for a position at any of Defendants' operations or facilities.

13.     This Decree resolves all claims of the Commission against Defendants on behalf of Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, and Joshua Garcia and other aggrieved individuals, including claims for back pay, front pay, compensatory and punitive damages, injunctive relief, and attorneys' fees and costs arising out of the issues relating to this lawsuit.

14.     To resolve these claims, Defendants will pay a total and final settlement of one million, seven hundred and fifty thousand dollars, $**1,750,000.00**  Of this total of $1,750,000, the parties agree that $**1,320,513.70** will be allocated to the intervenors and aggrieved individuals as compensatory damages and $**429,286.30** will be allocated to Intervenors' attorneys' fees, as specified by a final distribution list that will be filed with the court under seal as Exhibit A to the Decree. Of this total payment of $1,750,000 under the Decree, Defendant Plains will pay $1,400,000 and Defendant Copperhead will pay $350,000. EEOC retains the discretion to determine the apportionment of the settlement amount with respect to aggrieved individuals. The parties agree that the $1,320,713.70 in settlement funds to be paid to the intervenors and aggrieved individuals represent compensatory damages. EEOC and Intervenors will send Defendants' counsel an executed IRS W-9 Form for payments designated as "compensatory damages" for the amounts received pursuant to Exhibit A of the Decree. Thereafter, these amounts will be reported on IRS Form 1099 and will not be subject to withholdings. By January 31, 2023, each Payee will be issued  IRS Form 1099s for the

compensatory damage amounts.  IRS Form 1099s will also be issued to intervenor

attorneys for the attorney's fees amounts listed in Exhibit A of the Decree.

**15.**    The payments required under this Decree will be mailed to the payee(s) no later

than twenty-five (25) days after the parties sign and return to counsel for Defendants (a)

the signed Decree, (b) signed Settlement Agreements (for Intervenors) and (c) W-9s for

each payee.  All payments will be mailed to the addresses provided by the EEOC in

Exhibit A, the Final Distribution List.

**16.**    Within three (3) business days after payments are mailed to payees, counsel for

Defendants will send to the EEOC copies of the checks issued, via email to the EEOC

addressee in Paragraph 45, below.

**17.**    All mailing and distribution costs associated with the distribution of settlement

funds to the payees on EEOC's final distribution spreadsheet will be paid by the

defendant incurring same.  Each defendant is responsible only for its own portion of the

settlement payment in Paragraph 14 above.  Failure of one defendant to satisfy its

settlement obligations does not affect the full and final release of the other defendant.

## V. OTHER INDIVIDUAL RELIEF

**18.**    Defendant Copperhead will expunge from personnel files for Charging Parties

Jason Copley, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn

Cotton, Joshua Garcia and other identified aggrieved individuals in this lawsuit (a) any

and all references to the allegations of discrimination filed against Defendants that

formed the basis of this action; (b) any and all references to the Charging Parties and

aggrieved individuals' participation in this action; and (c) any and all documents that

refer, make reference to, or relate to any alleged performance deficiencies documented

after the Charging Parties filed a charge of discrimination.

**19.**    Defendant Copperhead will expunge the termination of Charging Parties from all

Defendant Copperhead's employment records and will ensure that all of Defendant

Copperhead's records reflect that Charging Parties voluntarily resigned from their

employment. For each identified aggrieved individual who was also terminated by

Copperhead, Copperhead will expunge the termination from all of Copperhead's

employment records and will ensure that all of Copperhead's records reflect that

identified aggrieved individuals also voluntarily resigned from employment.

**20.**    Defendants will provide to each Charging Party and identified aggrieved

individual a letter of reference in the form attached to the Decree as Exhibit B.

## VI. GENERAL EQUITABLE RELIEF

### *A.    Injunctive Relief*

**21.**    Defendants, their officers, agents, successors, and other persons in active

concert or participation with them, are specifically enjoined for the duration of the

Decree from engaging in any employment practice which discriminates on the basis of

race, national origin, or sex.

**22.**    Defendants, their officers, agents, successors, and other persons in active

concert or participation with them, are specifically enjoined for the duration of the

Decree from engaging in reprisal or retaliation of any kind against any person because

of such person's opposition to any practice made unlawful under Title VII of the Civil

Rights Act of 1964, as amended.  Defendants will not retaliate against a person

because such person brings an internal complaint of discrimination with Defendants; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes. Defendants will not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor will Defendants retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

**B.    *EEO Policy Review***

23.    Within sixty (60) days of the entry of this Decree, Defendants will review their existing EEO policies and revise, if necessary, to conform with the law.

24.    For the duration of this Decree, Defendants' written EEO policies must include:

**24.1.**   A strong and clear commitment to preventing unlawful discrimination based on race, national origin, and sex, and to preventing unlawful retaliation;

**24.2.**   A clear and complete definition of disparate treatment based on race, national origin, and sex, and retaliation;

**24.3.**   A statement that discrimination based on race, national origin, and sex, and retaliation are prohibited and will not be tolerated;

**24.4.**   A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

**24.5.** The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;

**24.6.** The clear identification of any employee hotline numbers that employees can use to report their concerns about discrimination, harassment, or retaliation;

**24.7.** A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

**24.8.** An assurance that Defendants will investigate allegations of any activity that might be construed as unlawful discrimination or retaliation and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

**24.9.** An assurance that appropriate corrective action will be taken by Defendants to make victims whole and to eradicate the unlawful conduct within its workforce;

**24.10.** A description of the consequences, up to and including termination, that will be imposed upon violators of Defendants' anti-discrimination and anti-retaliation policies;

**24.11.** A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an

investigation into allegations of discrimination, harassment, and/or retaliation; and

**24.12.** An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

**25.**    Within thirty (30) days after completion of the policy review required under Paragraphs 23 and 24 above, written EEO policies will be placed in a prominent location frequented by employees within the scope of Paragraph 8 and upload to Defendants' intranet.  Defendants will make the written EEO policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies. Alternative formats will include but not be limited to an audiotape format.

**25.1.**   For Defendant Plains, the written EEO policies must remain on the company's intranet for the duration of this Decree, and Defendant Plains will ensure all employees within the scope of Paragraph 8 have access to the company's intranet where the EEO policies are available.

**25.2.**   For Defendant Plains, a copy of its EEO policies must be submitted to the EEOC with its first Annual Report due August 1, 2023.  For the duration of this Decree, Defendant Plains will provide copies of any material changes or updates, if any, to its EEO policies on subsequent Annual Reports.

**C.**    ***Training***

11

**26.**    For the duration of this Decree, pursuant to the terms of this Paragraph 26, Defendants will provide EEO training for all employees within the scope of Paragraph 8. For Defendant Plains, the employees within the scope of Paragraph 8 are those holding the positions listed in Exhibit E. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendants' policies and procedures for reporting alleged discrimination, harassment, and retaliation; (b) the kind of conduct which may constitute unlawful discrimination, harassment, and retaliation; (c) the penalties of engaging in discriminatory or retaliatory behavior; (d) Defendants' non-retaliation policy; and (d) Defendants' procedures for investigating discrimination, harassment, or retaliation. All training under this Paragraph 26 will be at Defendants' selection and expense. Training may be by live presentation, online training, and/or computer training, or any combination of the foregoing. The training will be conducted as follows:

> **26.1.  Non-managerial Employees:**  Defendants will provide non-managerial employees at least sixty (60) minutes of training on race, national origin, and sex discrimination and retaliation in each twelve (12) month period of this Decree.

> **26.2.  Managerial, Supervisory, and Human Resources Employees**:  For the duration of this Decree, Defendants will require all individuals who work in a managerial, supervisory, or human resources capacity within the scope of Paragraph 8, to receive at least four (4) hours of training annually regarding Title VII of the Civil Rights Act of 1964 and other federal anti-discrimination laws. Specifically, the training must directly address race, national origin, and sex

discrimination, legal and policy prohibitions on retaliation, and instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination.  Defendants will emphasize with managerial and supervisorial employees that due to their position of power, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Additionally, Defendants will require employees who are newly hired or recently promoted into a managerial, supervisory, or human resources position with authority over employees within the scope of Paragraph 8 to begin the trainings required by this Decree within 90 days, and will complete no less than one (1) hour of training regarding complaint handling and unlawful discrimination, and retaliation within ninety (90) days of being hired or promoted into a supervisory, managerial, or human resources position. The training under this Paragraph 26.2 must be provided by an outside vendor such as a consultant or attorney.

**26.3.  Training on Investigative Techniques:**  For the duration of this Decree, all employees within the scope of Exhibit E with responsibility for responding to or investigating complaints of discrimination, will be provided two (2) additional hours of annual training instructing on accepted professional standards for receiving and investigating complaints of discrimination, including such matters

as witness interview techniques, other evidence-gathering techniques,

maintaining investigative notes and records, legal analysis of the evidence, and

methods for eliminating and ameliorating violations of anti-discrimination law.

The training under this Paragraph 26.3 must be provided by an outside vendor

such as a consultant or attorney.

**27.**     Defendants agree that the first such training session for each employee group

identified in Paragraph 26 above, will take place within one hundred eighty (180) days

after the Court's entry of this Decree.

**28.**     Though Plains is not required to conduct any live trainings, in the event that

Plains elects to conduct a live training, including training conducted by video

conference, the Commission, at its discretion, may designate one or more Commission

representatives to attend and observe such live training session.  Defendants or their

counsel will provide the Commission with twenty-one (21) days' notice via email that a

live training session will be conducted, so that the Commission may elect to attend in

person or virtually. The Commission will only observe such trainings that it attends and

will not actively participate unless requested.

**D.     *Notice Posting***

**29.**     Within ten (10) calendar days after the Court's entry of this Decree, Defendants

will post the Notice attached as Exhibit C or D to this Decree, in a conspicuous place

frequented by employees at each location within the scope of Paragraph 8.  For

Defendant Plains, these locations are the Midland and Seminole offices. The Notice will

be the same type, style, and size as set forth in Exhibit C or D. The Notice will remain

posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendants will replace it with a clean copy. Defendants will certify to the Commission, in writing, within fifteen (15) days of entry of this Decree that the Notice has been properly posted and will provide recertification in each of the reports required under the Reporting provisions of this Decree. In addition, within sixty (60) days of entry of this Consent Decree, Defendants will distribute this Notice (Exhibit D)  by hand or via email to all current employees within the scope of Paragraph 8 and to all new employees at those locations within thirty (30) days of hiring the new employees. An email to the EEOC from Defendants' counsel stating that the notice has been posted will satisfy this initial certification requirement.

## VII. EQUITABLE RELIEF REGARDING MANAGERS

### A.    *Individuals Ineligible for Rehire*

**30.**    Defendant Plains agrees that it will never rehire Mario Sanchez at any of its facilities and/or operations in the United States. To assure that Mario Sanchez is never rehired by Defendant Plains, Plains will place a document in his personnel file that reads in bold, "Not Eligible for Rehire at any facility in the United States." If Defendant Plains maintains any computerized personnel file for Mario Sanchez, such computerized file must also be annotated to reflect that he is not eligible for rehire.

**31.**    Defendant Copperhead agrees that it will never rehire Terry Hammonds at any of Defendant's facilities and/or operations identified in 8.2. To assure compliance, if Defendant Copperhead maintains any personnel file for Terry Hammond, Defendant Copperhead will place a document in their personnel files that reads in bold, "Not

Eligible for Rehire." If Defendant Copperhead maintains any computerized personnel file for Terry Hammonds such computerized file must also be annotated to reflect that he is not eligible for rehire.

**B.    *Discipline for Violation of Policies***

**32.**    Defendant Plains agrees that within thirty (30) days of the entry of this Decree, Defendant Plains will issue a letter of reprimand to Ronnie Kea for his failure to promptly and appropriately address complaints of discrimination received from Charging Parties and other aggrieved individuals regarding the unwelcome conduct of Mario Sanchez. The letter of reprimand must be retained in the personnel file of Ronnie Kea for at least the duration of this Decree.

**C.    *EEO Compliance as a Component of Management Evaluation***

**33.**    Within sixty (60) days of the entry of this Decree, and at least continuously for the duration of this Decree, Defendant Plains will include in its "Code of Business Conduct: Respect and Fairness" policy a statement that any supervisor or manager who violates the respect and fairness policy and/or laws prohibiting discrimination and retaliation may be subject to discipline up to and including termination.

## VIII.  RECORD KEEPING AND REPORTING PROVISIONS

**34.**    For the duration of this Decree, Defendants will maintain all records concerning implementation of this Decree, including, but not limited to, all of the following within the scope of Paragraph 8:

**34.1.**  Personnel files;

**34.2.**  Payroll records;

**34.3.**   Job Postings or job vacancy records;

**34.4.**   Complaints of discrimination based on race, national origin, and/or sex and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken;

**34.5.**   Complaints of retaliation for opposition to perceived unlawful employment practices or for participation in any investigations or proceedings under Title VII, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

**35.**   Defendants will provide four total reports following the entry of this Decree. The first report (the "Initial Report") will be due October 1, 2022  following the date of the Court's entry of this Decree.  Each following report (the "Annual Reports") will be submitted to the EEOC annually during the term of the Decree; specifically, the Annual Reports will be due on August 1, 2023, August 1, 2024 and the last report on August 1, 2025.

**36.**   **Reporting Requirements:**  The Initial Report will provide the following information: Reports of Discrimination/ Complaints of Retaliation (36.1 and 36.2); Posting of Notice (36.4); Documentation of Ineligibility for Rehire (36.7); Letters of Reference (36.6); and Discipline (36.8).  The Annual Reports will provide the following information: Reports of Discrimination/ Complaints of Retaliation (36.1 and 36.2); Posting of Notice (36.4); Status of Policy Review, provide revised EEO policies (36.5) Documentation of Ineligibility for Rehire still in personnel file (36.7); Discipline letter still

in personnel file (36.8); Management evaluation and compensation system in code of business conduct (36.9); and Training reports (36.3).

### 36.1.  Reports of Discrimination

**36.1.1.**  For purposes of this Paragraph 36.1, the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, based on race, national origin, or sex, even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights."  For Defendant Plains, this Paragraph 36.1 applies only to the positions listed in Exhibit E which are located in the Seminole Field Office.

**36.1.2.**  The report will include:

a.      The name, address, email address, and telephone number of each person making a complaint of race, national origin, or sex, discrimination to Defendants or to any federal, state, or local government agency;

b.      The name, address, email address, and telephone number of each person identified as a potential witness to the incident of discrimination;

c.      A summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendants' investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and

what, if any, resolution was reached.

**36.2.  Complaints of Retaliation**

**36.2.1.**    For purposes of this Paragraph 36.2, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under Title VII or alleges retaliation for conduct which the Defendants recognize or should have recognized as protected activity under any of those statutes even if the complainant does not use legal or technical terminology.  For Defendant Plains, this Paragraph 36.2 applies only to the positions listed in Exhibit E which are located in the Seminole Field Office.

**36.2.2.**    The report will include:

a.      The name, address, email address, and telephone number of each person making a complaint of retaliation to Defendants or to any federal, state, or local government agency;

b.      The name, address, email address, and telephone number of each person identified as a potential witness to the incident of retaliation;

c.      A summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendants' investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any, resolution was reached.

**36.3.  Training.**

**36.3.1.**      For each training program required under Paragraph 26, and conducted during the term of the Decree, Defendants' report will provide an attendance log containing the employee, the employee's title, and the employee's signature.

**36.3.2.**      For each training program conducted by Defendants' staff, Defendants' reports will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications.

**36.3.3.**      For each training program conducted by an outside consultant or vendor not affiliated with Defendants, Defendants' reports will identify the consultant and/or vendor and provide a copy of the program agenda.

**36.3.4.**      For each computer-based training program conducted, Defendants' annual reports will include a copy of the online training module, unless Defendants' contract with the third-party vendor who provided the training does not allow Defendants to distribute the module externally. In such a case, Defendants will provide the agenda for the computer-based training and the vendor's contact information.

**36.4.  Posting of Notice**:  Defendants will report to the Commission that the Notice required to be posted under Paragraph 29 of this Decree has remained posted during the entire term of the Decree, or, if removed, was promptly

replaced. Defendants will also report on the distribution of the Notice as required under Paragraph 29 of this Decree.

**36.5.   Policy Review**:  Defendants will report on the status of the EEO policy review process required under Paragraphs 23-24, above.  The report will certify that the EEO policy review required by Paragraphs 23-24 has been completed and that the EEO policies have been posted per the terms of paragraph 25.

**36.6.   Letters of Reference**:  Defendants will report on their compliance with Paragraph 20 of this Decree regarding letters of reference. The report will provide a copy of the letters and proof of delivery to Charging Parties and Identified Aggrieved Individuals.

**36.7.   Documentation of Ineligibility for Rehire**: Defendants will report on their compliance with Paragraphs 30-31 of this Decree and certify that the required documentation of no rehire status of Mario Sanchez (Plains) and Terry Hammonds (Copperhead) was placed in all appropriate employment records.

**36.8.   Discipline**: Defendant Plains will report on their compliance with Paragraph 32 of this Decree regarding the discipline issued to Ronnie Kea. A copy of the letter of reprimand will also be provided to the Commission with Defendant Plains' Initial Report.

**36.9.   Management Evaluation and Compensation System**: Defendant Plains will report on their compliance with Paragraph 33 of this Decree by providing a copy of its Code of Business Conduct to the EEOC.

## IX. NOTICE AND RIGHT TO CURE

**37.**     In the event that the EEOC concludes that either or both Defendants is not in compliance with any of the terms of this Decree, prior to any attempt to enforce the terms of this Decree, the EEOC shall provide written notice detailing any alleged non-compliance and allow the Defendant(s) the opportunity to cure the alleged violation. After such written notice, the EEOC and the Defendant(s) shall conduct a conference call within thirty (30) days of the written notice of the alleged non-compliance to discuss any remaining dispute. The Defendants shall have thirty (30) days from the conference call to cure any identified non-compliance prior to the EEOC exercising any enforcement, extension, or remedy provided herein.

**38.**     The Parties also acknowledge and agree that each Party shall bear their own expenses and costs, including attorneys' fees, for conducting any conferral pursuant to Paragraph 37 regarding any alleged violation of this Decree.

## X.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**39.**     This Court will retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**40.**     There is no private right of action to enforce Defendants' obligations under the Decree with regard to the aggrieved individuals listed in Exhibit A, and only the Commission, or its successors or assigns, may enforce compliance herewith. The Plaintiff-Intervenors, Da'Vonta Copley, Albertico Gutierrez Rubio, Adrian Quezada, Shawn Cotton, Joshua Garcia, may elect to have EEOC enforce the Defendants'

obligations under the Decree or choose private counsel to enforce compliance with the decree.

**41.**    At any time during the duration of the Decree, the Commission may petition this Court for compliance with this Decree after the notice and cure procedure of Paragraph 37 has been completed. Should the Court determine that any Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**42.**    Absent extension, this Decree will expire by its own terms at the end of the **36th** month from the date of entry without further action by the Parties.

## XI.  EEOC AUTHORITY

**43.**    With respect to matters or charges outside the scope of this Decree, this Decree will in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XII.  COSTS AND ATTORNEY FEES

**44.**    Each party will be responsible for and will pay its own costs and attorney fees except as otherwise provided for in this Decree.

## XIII.  NOTICE

**45.**    Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree will be sent by certified mail, postage prepaid and by email, as follows:

Jeff A. Lee                                  Angella H. Myers
EQUAL EMPLOYMENT OPPORTUNITY    Kaufman, Dolowich & Voluck, LLP

COMMISION
500 Gold Ave. NW, Ste. 6401
POB 128
Albuquerque, NM 87103
Jeff.Lee@eeoc.gov
Mary.Oneill@eeoc.gov

**For Plaintiff EEOC**

Derrick Boyd
BOYD POWERS & WILLIAMSON
P.O. Box 957
105 North State Street, Suite B
Decatur, Texas 76234
(dboyd@bpwlaw.com)
**For Plaintiff Intervenors Da'Vonta Copley,
Albertico Gutierrez Rubio, Adrian Quezada,
Shawn Cotton, Joshua Garcia**

14643 Dallas Parkway, Suite 550
Dallas, Texas 75254
Angella.myers@kdvlaw.com

**For Defendant Copperhead Pipeline and
Construction Inc**

Megan B. Prout, Senior Vice President
PLAINS ALL AMERICAN GP LLC
333 Clay St., Suite 1900
Houston, TX  77002
713-646-4100
legal_notices@paalp.com

**For Plains Pipeline, L.P., Plains All
American GP LLC, Plains Marketing, L.P.**

Joseph Y. Ahmad
AHMAD, ZAVITSANOS & MENSING, P.C.
1221 McKinney, Suite 2500
Houston, Texas 77010
joeahmad@azalaw.com

**For Plains Pipeline, L.P., Plains All
American GP LLC, Plains Marketing, L.P.**

## XIV.  SIGNATURES

**46.**    The parties agree to the entry of this Decree subject to final approval by the
Court.

SO ORDERED this _____ day of _____, 2022.

BY THE COURT:

_____

DAVID COUNTS
United States District Judge

**BY CONSENT:**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISION**

By: ~~MARY ONEILL~~ <small>Digitally signed by MARY ONEILL Date: 2022.07.26 21:14:26 -07'00'</small>

Mary Jo O'Neill
Regional Attorney

Date: _____

**COPPERHEAD PIPELINE AND CONSTRUCTION INC.**

By: ~~Lucas M. Rawlings~~
Lucas Rawlings
Past President

Date: 8 / 1 / 2022

**PLAINTIFF INTERVENORS:**
By: _____

Ted Anderson
KILGORE & KILGORE
3141 Hood Street, Suite 500
Dallas, Texas 75219
tca@kilgorelaw.com

Derrick Boyd
BOYD POWERS & WILLIAMSON
On behalf of Plaintiff Intervenors
Da'Vonta Copley, Albertico
Gutierrez Rubio, Adrian Quezada,
Shawn Cotton, Joshua Garcia

Date: _____

**PLAINS PIPELINE, L.P.,**
By Plains GP LLC, Its General Partner

By: ~~Megan B. Prout~~ SK
Megan B. Prout, Senior Vice President,
Commercial Law & Litigation

Date: 7/26/22

**PLAINS ALL AMERICAN GP LLC**

By: ~~Megan B. Prout~~ SK
Megan B. Prout, Senior Vice President,
Commercial Law & Litigation

Date: 7/26/22

**PLAINS MARKETING, L.P.**
By Plains GP LLC, Its General Partner

By: ~~Megan B. Prout~~ SK
Megan B. Prout, Senior Vice President,
Commercial Law & Litigation

Date: 7/26/22

APPROVED AS TO FORM:

_____
JEFF A. LEE
Senior Trial Attorney
Michael LaGarde
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 Gold Avenue SW, Suite 6401
P.O. Box 128
Albuquerque, NM 87103
Telephone: (505) 738-6723
Mobile: (405) 684-1032
Jeff.Lee@eeoc.gov
Michael.LaGarde@eeoc.gov

For Plaintiff EEOC

_____
Ted Anderson
KILGORE & KILGORE
3141 Hood Street, Suite 500
Dallas, Texas 75219
tca@kilgorelaw.com

and

Derrick Boyd
BOYD POWERS & WILLIAMSON
P.O. Box 957
105 North State Street, Suite B
Decatur, Texas 76234
(dboyd@bpwlaw.com)

For Plaintiff Intervenors Da'Vonta Copley,
Albertico Gutierrez Rubio, Adrian
Quezada, Shawn Cotton, Joshua Garcia

_____
Angella H. Myers
Sharon Gilmore
Kaufman Dolowich & Voluck, LLP
14643 Dallas Parkway, Suite 550
Dallas, TX 75254
Angella.myers@kdvlaw.com
Sharon.gilmore@kdvlaw.com

For Defendant Copperhead Pipeline and
Construction Inc,

_____
Joseph Y. Ahmad
AHMAD ZAVITSANOS &
MENSING, P.C.
1221 McKinney, Suite 2500
Houston, Texas 77010
joeahmad@azalaw.com

For Plains Pipeline, L.P., Plains All
American GP LLC, Plains Marketing,
L.P.

APPROVED AS TO FORM:

_____

JEFF A. LEE
Senior Trial Attorney
Michael LaGarde
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 Gold Avenue SW, Suite 6401
P.O. Box 128
Albuquerque, NM 87103
Telephone: (505) 738-6723
Mobile: (405) 684-1032
Jeff.Lee@eeoc.gov
Michael.LaGarde@eeoc.gov

For Plaintiff EEOC


_____

Ted Anderson
KILGORE & KILGORE
3141 Hood Street, Suite 500
Dallas, Texas 75219
tca@kilgorelaw.com

and

Derrick Boyd
BOYD POWERS & WILLIAMSON
P.O. Box 957
105 North State Street, Suite B
Decatur, Texas 76234
(dboyd@bpwlaw.com)

For Plaintiff Intervenors Da'Vonta Copley,
Albertico Gutierrez Rubio, Adrian
Quezada, Shawn Cotton, Joshua Garcia

Angella H. Myers
Sharon Gilmore
Kaufman Dolowich & Voluck, LLP
14643 Dallas Parkway, Suite 550
Dallas, TX 75254
Angella.myers@kdvlaw.com
Sharon.gilmore@kdvlaw.com

For Defendant Copperhead Pipeline and
Construction Inc,


Joseph Y. Ahmad
AHMAD, ZAVITSANOS &
MENSING, P.C.
1221 McKinney, Suite 2500
Houston, Texas 77010
joeahmad@azalaw.com

For Plains Pipeline, L.P., Plains All
American GP LLC, Plains Marketing,
L.P.

26

# EXHIBIT A - CONSENT DECREE

███████████████

| No. | Name | Total Amount of Distribution | From Plains | From Copperhead |
|-----|------|------------------------------|-------------|-----------------|
| | *Intervenors* | | | |
| 1 | Jason Copley<br>c/o BOYD POWERS &<br>WILLIAMSON<br>P.O. Box 957<br>105 North State Street, Suite B<br>Decatur, Texas 76234 | ██████ | ██████ | |
| 2 | Da'Vonta Copley<br>c/o BOYD POWERS &<br>WILLIAMSON | ██████ | ██████ | |
| 3 | Shawn Cotton<br>c/o BOYD POWERS &<br>WILLIAMSON | ██████ | ██████ | |
| 4 | Albertico Gutierrez Rubio<br>c/o BOYD POWERS &<br>WILLIAMSON | ██████ | ██████ | |
| 5 | Adrian Quezada<br>c/o BOYD POWERS &<br>WILLIAMSON | ██████ | ██████ | |
| 6 | Joshua Garcia<br>c/o BOYD POWERS &<br>WILLIAMSON | ██████ | ██████ | |
| *** | BOYD POWERS &<br>WILLIAMSON  Law Firm<br>*Attorney Fees & Expenses* | 429,486.30 | 429,486.30 | |
| | *EEOC's Aggrieved Individuals* | | | |
| 7 | Manuel Melendez<br>419 W 50th<br>Odessa, TX 79764 | ██████ | | ██████ |
| 8 | Alejandro Melendez<br>c/o Manuel Melendez<br>419 W 50th<br>Odessa, TX 79764 | ██████ | | ██████ |
| 9 | Julio Flores<br>310 W Berry Dr.<br>Hobbs, NM 88240 | ██████ | | ██████ |
| 10 | Jesus Martinez<br>7101 Casa Bonita<br>Hobbs, NM 88242 | ██████ | | ██████ |
| 11 | George Vizcaino<br>13591 W. Westfield Dr.<br>Odessa, TX 79763 | ██████ | | ██████ |
| 12 | Kenneth Grider | ██████ | | ██████ |

| | HCR 4 Box 1481<br>Denver City, TX 79323 | | | |
|---|---|---|---|---|
| 13 | Richard Altman<br>5320 East Ave D<br>Lovington, NM 88260 | ■■■■■ | | ■■■■■ |
| 14 | David Gutierrez<br>1110 W Van Buren<br>Lovington, NM 88260 | ■■■■■ | | ■■■■■ |
| 15 | Billy Ramos<br>1110 W Aspen Ave.<br>Lovington, NM 88260 | ■■■■■ | | ■■■■■ |
| 16 | Samuel "Kyle" Carrasco<br>1401 E Navajo Drive #2502<br>Hobbs, New Mexico  88240 | ■■■■■ | | ■■■■■ |

**EXHIBIT B (Letter of Reference)**

To whom it may concern:

This letter confirms that [*insert name*] was employed at Copperhead from [insert dates of employment] and on occasion worked for various projects with Plains. During this time period, he performed in accordance with industry standards.

Unfortunately, Copperhead has ceased doing business in this industry and has received a Certificate of Dissolution from the State of Oklahoma.  If it were still in business, [*insert name*] would be eligible for re-employment.

Plains would welcome the opportunity to work with him again on future projects, either as an employee of Copperhead or another contractor with whom Plains does business.

Sincerely,

_____

C. Drew Engstrom
Senior Director, Division Operations, for Plains All
American GP

_____
Lucas M. Rawlings
Former President of Copperhead Pipeline and Construction,
Inc.

29

**EXHIBIT C**

**NOTICE for Plains Locations**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in EEOC v. Plains Pipeline, L.P., Plains All American GP LLC, Plains Marketing, L.P., ("collectively Plains") and Copperhead Pipeline and Construction Inc., ("Copperhead") filed in the United States District Court for the Western District of Texas, Civil Action No. 7:20-cv-00082-DC.

Management of Plains wishes to emphasize its company's fundamental policies of providing equal employment opportunity in all operations and in all areas of employment practices. Plains seeks to ensure that there will be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, it is unlawful for an employer to discriminate based upon the race, national origin, or sex of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, because he or she has participated in an investigation of a charge of discrimination, or because he or she has associated with an individual or individuals who have made discrimination complaints, filed charges of discrimination, or participated in investigations of charges.

Plains respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Plains affirms its commitment to complying with Title VII's prohibitions on discrimination and retaliation. Plains further affirms that its policies prohibit all discrimination based on race, national origin, or sex. Plains also affirms that no individual will be retaliated against for their participation in complaint activity, charge filing, or association with individuals who engaged in protected complaint and charge filing activities.

Any employee who believes that he/she has suffered discrimination because of race, national origin, or sex has the right to contact the EEOC at the Public Portal at www.eeoc.gov. In compliance with federal law, no official of Plains will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice will remain posted for the term of three (3) years.

By:_____    _____
          Plains Senior Director, Division Operations
                                                                    Date

**EXHIBIT D**

**NOTICE for Copperhead Locations
(contingent upon re-opening of operations)**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in EEOC v. Plains Pipeline, L.P., Plains All American GP LLC, Plains Marketing, L.P., ("collectively Plains") and Copperhead Pipeline and Construction Inc., ("Copperhead") filed in the United States District Court for the Western District of Texas, Civil Action No. 7:20-cv-00082-DC.

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, it is unlawful for an employer to discriminate based upon the race, national origin, or sex of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, because he or she has participated in an investigation of a charge of discrimination, or because he or she has associated with an individual or individuals who have made discrimination complaints, filed charges of discrimination, or participated in investigations of charges.

Copperhead affirms its commitment to complying with Title VII's prohibitions on discrimination and retaliation. Copperhead further affirms that its policies prohibit all discrimination based on race, national origin, or sex. Copperhead also affirms that no individual will be retaliated against for their participation in complaint activity, charge filing, or association with individuals who engaged in protected complaint and charge filing activities.

Any employee who believes that he/she has suffered discrimination because of race, national origin, or sex has the right to contact the EEOC at the Public Portal at www.eeoc.gov. In compliance with federal law, no official of Copperhead will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice will remain posted for the term of three (3) years.

By:_____  _____
        President of Copperhead                                   Date

**EXHIBIT E**

| Plains Title | Plains Location |
|---|---|
| Human Resources Manager (1)*^ | Midland |
| Human Resources Generalist (1)*^ | Midland |
| Manager, Construction (1)* | Midland |
| Manager, HSE Specialist (1)* | Midland |
| Manager, Operations (1)* | Midland |
| Manager, Operations (1)* | Seminole |
| Manager, Operations Technical Support (1)* | Midland |
| Senior Director, Division Operations (1)* | Midland |
| Supervisor, Construction (2)* | Midland |
| Administrative Assistant (1)$^\Delta$ | Seminole |
| Corrosion Technicians (3)$^\Delta$ | Seminole |
| Electrical & Instrumentation Technicians (2)$^\Delta$ | Seminole |
| Measurement Technician (1) $^\Delta$ | Seminole |
| Mechanical Technicians (4)$^\Delta$ | Seminole |
| Pipeline Operators (10) $^\Delta$ | Seminole |
| Pipeliners (9) $^\Delta$ | Seminole |
| Supervisors, Construction (2)* | Seminole |
| Supervisors, Maintenance (2)* | Seminole |
| Supervisors, Operations (1)* | Seminole |

$\Delta$These positions are subject to the training requirements of Paragraph 26.1
*These positions are subject to the training requirements of Paragraph 26.2
^This position is subject to the training requirements of Paragraph 26.3

The parentheses contain the number of individuals who hold this position as of June 15, 2022.  If employees holding these positions are added to these offices, they will be subject to the training requirements in Paragraph 26, and their completion of trainings will be reflected in the reports required by Paragraph 36.3.  If employees holding these positions are removed from these positions in these offices, they will no longer be subject to the training requirements in Paragraph 26.

If a position identified above changes name or title but remains substantially similar in job functions and requirements, then Defendant Plains remains bound by the accompanying requirements of this Decree as to that renamed position as if it were listed on Exhibit E. Likewise, for any new position created in the Midland or Seminole locations with substantially similar job functions and requirements as one of the positions identified above, Defendant Plains is bound by the accompanying requirements of this Decree as if that new position were listed on Exhibit E.